**Babacar NDIAYE, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–4374–ag.

United States Court of Appeals, Second Circuit.

Aug. 21, 2007.

Barry R. Goldberg, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, U.S., Department of Justice, Anthony Norwood, Senior Litigation Counsel, Annette J. Clark, Of Counsel, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Babacar Ndiaye, a citizen of Mauritania, seeks review of an August 21, 2006 order of the BIA affirming the February 15, 2005 decision of Immigration Judge ("IJ") Douglas Schoppert denying Ndiaye's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Babacar Ndiaye,* No. A97 753 472 (B.I.A. Aug. 21, 2006), *aff'g* No. A97 753 472 (Immig. Ct. N.Y. City Feb. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Upon our review of the record, we conclude that the IJ's denial of Ndiaye's asylum and withholding of removal applications on the basis of an adverse credibility finding is supported by substantial evidence. The IJ reasonably found that information contained in Ndiaye's marriage certificate and in his national identity card as to his place of residence contradicted his testimony. Indeed, while the documents indicate, respectively, that he lived in Nouackchott in 1985 and 1987, he testified that he lived in Nouadhibou during that period. Contrary to Ndiaye's arguments, such discrepancies are material to his asylum claim, the gravamen of which rests on his claim that he was enslaved, mistreated and detained on two separate occasions in Nouackchott. As the government argues, the fact that Ndiaye never left Nouackchott calls his entire story into question. Furthermore, the agency appropriately declined to credit Ndiaye's explanations for the discrepancies, which were contradictory in themselves, *see Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The IJ also reasonably found troubling Ndiaye's lack of familiarity with the distance between Nouadhibou and Nouakchott given the fact that he claimed to have traveled extensively between the two cities to visit his parents. *See Siewe v. Gonzales,* 480 F.3d 160, 167 (2d Cir.2007) (an implausibility finding is not impermissibly speculative when inferences drawn are fairly based on the evidence present-

**22**

ed). While Ndiaye testified that he was able to travel between the two cities in less than two hours, a U.S. Department of State Report in the record indicates that the trip takes two days. This discrepancy viewed cumulatively with Ndiaye's otherwise inconsistent testimony forms a proper basis for the agency's adverse credibility finding. *See Tu Lin v. Gonzales,* 446 F.3d 395, 401–03 (2d Cir.2006).

■ Because Ndiaye was unable to show the objective likelihood of persecution needed to establish a claim for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ Because the only evidence that Ndiaye was likely to be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).